UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

CRAIG D. KIRBY,

    Plaintiff,

v.

MONARCH RECOVERY MANAGEMENT, INC.

    Defendant

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant is a registered Foreign Nonprofit Corporation with the Colorado Secretary of State, having a registered agent at 2100 W. Drake Rd, Ste 6, Fort Collins, CO 80526.

## PARTIES

8. Plaintiff Craig Kirby is a natural person who resides in the City of Fort Collins, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant Monarch Recovery Management, Inc., (hereinafter "Defendant") is a Pennsylvania Foreign Nonprofit Corporation operating from an address of 10965 Decatur Rd, Philadelphia, PA 19154, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. The Defendant's status as a registered debt collection company with the Office of the Colorado Attorney General's licensing division is active.

## FACTUAL ALLEGATIONS

11. Sometime prior to July 1, 2010 Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). The alleged debt that the Defendant is attempting to collect upon stems from Premier Bankcard..

12. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

13. On or about September 23, 2010, the Plaintiff received a letter from Defendant, addressed to his home demanding payment for the debt.

14. Within a matter of days of receiving the initial demand letter, the Plaintiff began receiving telephone calls on his cellular telephone from the Defendant.

15. The Defendant through its agents called the Plaintiff repeatedly, even after being told not to call.

16. The Defendant continued to call repeatedly after being informed by the Plaintiff that he was in financial distress and without the means to pay the alleged debt Defendant was attempting to collect.

17. The Defendant, calling from the telephone number of (888)-213-6669 and various other numbers would call several times a day, several days a week knowing that Plaintiff could not or would not have the ability to make any payment.

18. The calls being made by the Defendant were designed to harass, annoy and cause distress to the Plaintiff.

19. Plaintiff believes he is getting a minimum of two calls a day from Defendant and Defendant's agents.

20. The FDCPA prohibits "causing a telephone to ring or engaging in any person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number", see 15 U.S.C §1692d(5).

21. Because of the ongoing and harassing nature of the contact by the Defendant the Plaintiff is afraid to answer incoming telephone calls where caller ID shows "unavailable" or "unknown" or from an area code other than (970).

22. The Plaintiff, because he is afraid to answer his telephone, has missed business calls as well as personal calls from family and friends.

23. Defendant has explained his financial hardships to the Defendant and Defendant's employees.

24. The actions taken by Defendant's debt collector on various occasions were not authorized to take, and which caused emotional and financial hardship on the Plaintiff and therefore were a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, and 1692 d(5), amongst others.

### *Respondeat Superior Liability*

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with its principal, Defendant.

27. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

28. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit its principal, Defendant.

29. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

### CAUSES OF ACTION
### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

32. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;
- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;
- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and
- For such other and further relief as may be just and proper.

Respectfully submitted,

s/Jill Gookin
**Jill Gookin, Esq.**
Gookin, Krenning and Associates, LLC
501 Cleveland Avenue
Loveland, Colorado 80538
Telephone: (970) 292-8290
Facsimile:   (888) 465-8045
Email:  jill@gkalaw.com
**Attorney for Plaintiff**

s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning and Associates, LLC
501 Cleveland Avenue
Loveland, Colorado 80538
Telephone:  (970) 449-4301
Facsimile: (970) 449-4302
Email: troy@gkalaw.com
**Attorney for Plaintiff**